## CIRCUIT COURT OF SMYTH COUNTY

Joseph L. Lundy

v.

Merillat Industries, Inc., et al.

December 8, 1988

Case No. (Law) 1815

By JUDGE CHARLES H. SMITH, JR.

This matter is before this court upon petition for judicial review of Decision Number 30010-C of the Virginia Employment Commission. The jurisdiction of the court is based upon § 60.2-625 of the Code of Virginia. The court has reviewed the pleadings, exhibits, memorandum of counsel, the transcript, and considered same along with argument of counsel presented on November 15, 1988, in consideration of all of which, the court finds as follows:

The claimant herein was employed by Merillat Industries, Inc., from about May 12, 1981, through December 31, 1987. He was employed as a general maintenance and clean-up man and also provided some security for the plant. At the time of his termination of employment, he was receiving $6.58 per hour. The claimant became ill in the early part of December, 1987, and his attending physician, Dr. James E. McDowell, diagnosed his condition as anxiety-depression. The doctor recommended some time off from work and also recommended a change from the rotating shift he had been working upon his return to work. In an apparent effort to accommodate the claimant, a management decision was made by Merillat some time in December to place the claimant in a less-stressful job with regular hours upon

his return. Although a supervisor was to contact the claimant and advise him of this decision, the record is really unclear as to what information was conveyed to the claimant before he returned to work. When the claimant did report to work on December 28, 1987, he was told that he had been removed from maintenance and security and placed on production work. The claimant advised the members of management with whom he met on that date that, due to his problems with stress and anxiety, he did not feel he could do the production work and, after some discussion, declined to make the change. Upon reflection that evening, after discussing the matter with his wife, the claimant had her call and make an appointment for him to see the plant manage the next day. However, due to claimant's illness, the meeting was not held and was changed to December 31, 1987. On that date, the claimant met with Mr. Thompson and other members of Merillat's management and advised of his desire to give the new job a try. However, the offer was then retracted and he left.

*Issues: Did the claimant leave work voluntarily without good cause as provided in Section 60.2-618.1 of the Code? Was the claimant discharged for conduct connected with work as provided in Section 60.2-618.2 of the Code?*

(This second issue, although posited by the Commission, was not really addressed by them and is not addressed herein.)

The standard of review in these cases is well established. Section 60.2-625 of the Code provides that the Commission's findings of fact, if supported by the evidence and in the absence of fraud, are conclusive and the jurisdiction of the court is confined to questions of law. The claimant contends that the Commission erred and misconstrued the facts when it found evidential support in the record for its conclusion that claimant refused the new job again on December 31st. The court, having reviewed the record, and considered the evidence in the light most favorable to the Commission and having afforded to the Commission all due regard with respect to the regularity of their proceedings, their experience and expertise, is of the opinion that the record is without evidence to support

this finding. In fact, the evidence of the employer, Merillat, on this issue is to the contrary.

Section 60.2-618.1 of the Virginia Unemployment Compensation Act provides a disqualification if it is found that a claimant left work voluntarily without good cause. The court agrees with the Hearing Examiner that there was no finality in the claimant's declining to perform the new job on December 28, 1987, considering the abrupt and sudden manner in which the change was made. The record supports the claimant's contention that the offer was "still on the table" on the 31st and was retracted by the employer after he indicated his intention to try it. Thus, it can hardly be said that he left voluntarily. He left because the employer had no job for him.

Since the court is of the opinion that the Commission's findings of facts with regard to this crucial aspect of the case is without evidence to support it, the court would reverse the decision of the Commission and reinstate that of the Appeals Examiner.